UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELESTE HOLLAND,<br><br>   Plaintiff,<br><br>   v.<br><br>JOSEPH A. FARROW, et al.,<br><br>   Defendants. | Case No.  14-cv-01349-JST<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Re: ECF Nos. 1, 9 |

Before the Court is Defendant Joseph Farrow's Motion to Dismiss Plaintiff's Complaint. ECF No. 9.

## I.   BACKGROUND

Plaintiff alleges she was pulled over and arrested on March 23, 2012 by California Highway Patrol ("CHP") Officers after she refused to provide them with her driver's license or insurance information. ECF No. 1. She alleges that she was sexually assaulted by the arresting officer, falsely imprisoned, and denied the counsel of her choice. ECF No. 1 ¶¶ 30-31, 33-36, 86. Plaintiff brought this lawsuit against the officers, multiple public officials including Defendant CHP Commissioner Joseph Farrow ("Defendant" or "Farrow"), and all of these individuals' spouses or significant others. She alleges these Defendants conspired to commit the aforementioned acts and thereby violated her rights under the First, Fifth, Sixth, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments. Id. ¶¶ 30, 34-42, 50-63.

## II.   DEFENDANT'S MOTION TO DISMISS

Defendant now moves for dismissal on the grounds that Plaintiff has failed to state a cognizable claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6). He argues the claims against him should be dismissed because state officials acting in their official capacity are not "persons" that may be sued under 42 U.S.C. § 1983, and that Plaintiff has failed to identify

1  any overt act that would support a claim for conspiracy to deprive Plaintiff of her constitutional
2  rights.

### III. LEGAL STANDARD

A court should grant a motion to dismiss for failure to state a claim under Rule 12(b)(6) if the complaint does not proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In considering a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007), but "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

### IV. DISCUSSION

Plaintiff fails to specify whether she brings her claims against Farrow in his official or personal capacity. The Court addresses each in turn.

#### A. The Eleventh Amendment Bars Suit Against Farrow In His Official Capacity

The Eleventh Amendment bars damages actions against state officials acting in their official capacities because these actions are treated as suits against the state itself, Hafer v. Melo, 502 U.S. 21, 25 (1991), and the Amendment bars federal suits against states or their agencies. See Regents of Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997). Section 1983 does not abrogate the states' Eleventh Amendment immunity because a state or state agency is not a "person" for purposes of the statute. Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989). Thus, if Holland is suing Farrow in his official capacity as Commissioner of the CHP, her suit is barred.

But because it is unclear whether Plaintiff is bringing this suit against Defendant in his official capacity, the Court reserves judgment as to whether the Eleventh Amendment bars

Plaintiff's claims against Defendant. Assuming that Plaintiff is suing Farrow in his individual capacity, her claims must meet the aforementioned pleading requirements in order to state a cognizable claim for relief under § 1983 and avoid dismissal. They do not.

### B. Plaintiff Has Not Pled Sufficient Facts To State a Claim Against Farrow In His Individual Capacity.

The Eleventh Amendment does not bar damages actions against state officials acting in their individual capacities. Hafer, 502 U.S. at 31. To state a claim under § 1983 against a state official in his or her individual capacity, a plaintiff must plead that the official, "acting under color of state law, caused the deprivation of a federal right." OSU Student Alliance v. Ray, 699 F.3d 1053, 1061 (9th Cir. 2012), cert. denied, Ray v. OSU Student Alliance, 134 S. Ct. 70 (2013) (mem.).

It is not enough to allege that a defendant's subordinate or employee caused the deprivation of the plaintiff's rights. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Iqbal, 556 U.S. at 676. Instead, a supervisor—such as Farrow—may be liable under § 1983 only upon a showing of: (1) personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation, such as by implementing a policy that is "the moving force of the violation." Hansen v. Black, 885 F.2d 642, 645–46 (9th Cir. 1989) (quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir.1987)). Thus, in order to state a cognizable claim for relief, Plaintiff must plead facts demonstrating that Farrow either personally deprived her of her rights, or that his behavior was causally related to such a deprivation.

Plaintiff's complaint fails to connect Farrow, personally, to any alleged constitutional violation. The complaint merely identifies Farrow as the CHP Commissioner. See ECF No. 1 ¶ 17. Plaintiff does not allege any particular acts on his part other than the broad allegation that every Defendant conspired to deprive Plaintiff of her constitutional rights. ECF No. 1 ¶ 51. The complaint also contains no factual material in support of its conclusory conspiracy allegations.

3

## V.  CONCLUSION

Plaintiff's complaint fails to allege sufficient facts to state a cognizable claim for relief. Therefore, the Court GRANTS Defendant Farrow's motion to dismiss, and the claims against Defendant Farrow are DISMISSED WITHOUT PREJUDICE.  Plaintiff may amend her complaint within thirty days of this Order.

Any amended complaint must specify which allegations and claims are directed against each Defendant.  Plaintiff must plead each claim with sufficient specificity to give each Defendant notice of the nature of the claims leveled against him or her.  Plaintiff is advised that a failure to attribute allegations and causes of action to particular defendants can result in dismissal.

Plaintiff is encouraged to seek the assistance of the Legal Help Center in amending her complaint.  The Legal Help Center is located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California.  Assistance is provided by appointment only.  A litigant may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center appointment line at 415–782–8982.  Plaintiff may also wish to consult the Northern District of California manual, <u>Representing Yourself in Federal Court: A Handbook for Pro Se Litigants</u>, a copy of which may be downloaded at http://www.cand.uscourts.gov/prosehandbook or obtained free of charge from the Clerk's office.

**IT IS SO ORDERED.**

Dated:  June 6, 2014



JON S. TIGAR
United States District Judge