UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELESTE HOLLAND,<br><br>  Plaintiff,<br><br>  v.<br><br>THE STATE OF CALIFORNIA, et al.,<br><br>  Defendants. | Case No.  14-cv-01349-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: ECF Nos. 26, 28 |

Defendants District Attorney Nancy O'Malley ("O'Malley") and Deputy Attorney Kobal ("Kobal") move to dismiss Plaintiff Celeste Holland's First Amended Complaint ("FAC").  ECF No. 28.  Defendant California Highway Patrol Commissioner Joseph Farrow ("Farrow") moves separately to dismiss the FAC.  ECF No. 26.  For the reasons set forth below, the motions are GRANTED.

**I.   BACKGROUND**

Plaintiff filed her original complaint in Contra Costa County Superior Court on December 20, 2013.  ECF No. 1 at 1.  After being amended once, the action was subsequently removed to federal court on March 21, 2014.  Id. at 1-2.  On June 6, 2014, this Court dismissed Plaintiff's complaint against Farrow without prejudice.  ECF No. 14.  First, assuming that Plaintiff intended to sue Farrow in his official capacity, the Court found that Plaintiff had failed to allege facts or law that, if proven, would defeat Farrow's Eleventh Amendment immunity.  ECF No. 14 at 2-3.  The Court also found that, in the alternative, if Plaintiff sought to sue Farrow in his personal capacity, she had failed to allege facts that connected him to any of the causes of action she pled.  Id. at 3.  Plaintiff then filed her FAC, which Farrow, O'Malley, and Kobal now move to dismiss.  ECF Nos. 21, 26, 28.

In her FAC, Plaintiff alleges mistreatment by several California Highway Patrol officers

United States District Court
Northern District of California

1  during a roadside stop on March 23, 2012 that resulted in Plaintiff's arrest.  ECF No. 21 at 4.
2  Plaintiff was initially pulled over by Officer Azavedo, who was later joined at the scene by
3  Officers Estes and Pacheco.  Id.  Plaintiff alleges that the officers used unnecessary force, and that
4  Officer Pacheco sexually assaulted her.  Id.  She also asserts that she was falsely arrested because
5  nothing requires her "to obtain and/or carry a driver's license, register [her] personal property with
6  the State of California or obtain automobile insurance."  Id. at 5.

7  Plaintiff's complaint implicates Farrow, O'Malley, and Kobal in an unspecified
8  conspiracy.  ECF No. 21 at 5.  Plaintiff refers to "overt acts" by a list of officials including
9  O'Malley, Kobal, and Farrow without further explanation.  Id.  Plaintiff makes reference to
10 "Exhibit A Video Discs," but Exhibit A provides no further details about the alleged conspiracy or
11 its composite acts.  Id., Ex. A.  Plaintiff seems to allege that some or all of the defendants she
12 listed in her complaint—including O'Malley, Farrow, and Kobal—deprived her of her right to
13 counsel of her choice and her right to jury trial, among other constitutional rights.  See, e.g., id. at
14 6-7.  She does not, however, supply any facts that connect these defendants to the alleged
15 violations of her rights.  Plaintiff also objects to the fact that she was required to use "Federal
16 Reserve notes,"—i.e., paper money—that is not "backed by gold or silver coin" to pay for her
17 license.  Id. at 6.

18 **II.    JURISDICTION**

19 This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because
20 her § 1983 claims arise under federal law.

21 **III.   LEGAL STANDARD**

22 The court must grant a motion to dismiss under Rule 12(b)(6) if the complaint fails to
23 provide "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v.
24 Twombly, 550 U.S. 544, 570 (2007).  Facial plausibility exists when a plaintiff "pleads factual
25 content that allows the court to draw the reasonable inference that the defendant is liable for the
26 misconduct alleged."  Id.  The Court must accept as true both the material facts alleged in the
27 complaint and all reasonable inferences to be drawn from those facts.  Navarro v. Block, 250 F.3d
28 729, 732 (9th Cir. 2001).  But "threadbare recitals of a cause of action's elements" and "mere

conclusory statements" are insufficient to provide the requisite factual basis for a claim. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Either the lack of a cognizable legal theory or the absence of sufficient facts to support a legal theory can provide a basis for dismissal. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.1990).

A court must construe the pleadings of *pro se* plaintiffs liberally, but it may not provide essential factual elements that have not been alleged. <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982). As with all litigants, the court "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1055 (9th Cir. 1992). Indeed, a court should grant leave to amend unless amendment would be futile. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1128 (9th Cir. 2000).

## IV. DISCUSSION

The Court first addresses Plaintiff's claims against Farrow, and then her claims against O'Malley and Kobal.

### A. Plaintiff's Claims Against Farrow

The Court previously construed Plaintiff's claims against Farrow to constitute a § 1983 suit for deprivation of constitutional rights. ECF No. 14 at 2. In her first complaint before this Court, Plaintiff failed to allege facts supporting her claim against Farrow, and particularly to allege how her complaint avoids the Eleventh Amendment bar or implicates Farrow personally in the alleged deprivation of her rights.

As with her first complaint, Plaintiff's FAC references § 1983. ECF No. 21 at 13. The FAC, however, does not specify whether Farrow is being sued in his official capacity or his personal capacity. ECF No. 21.

The Eleventh Amendment bars suits against state officials acting in their official capacity. <u>See</u> <u>Regents of Univ. of Cal. v. Doe</u>, 519 U.S. 425 (1996). As explained in the Court's prior order granting Farrow's motion to dismiss, ECF No. 14, in order to bring a cognizable § 1983 claim against Farrow, Plaintiff must either sue Farrow in his personal capacity or allege a basis that overcomes Farrow's Eleventh Amendment immunity. Plaintiff has done neither.

Here, Plaintiff's FAC provides no new facts or viable legal theories[1] in support of her claims and no additional guidance as to how Farrow may have been personally involved in the alleged conspiracy. Because Plaintiff's FAC contains no factual support for any allegations against Farrow, Plaintiff's claims against Farrow fail.

Because this is her second attempt to state a claim against Farrow, and Plaintiff has alleged no new facts and no viable legal theories, Plaintiff's claims against Farrow will be dismissed with prejudice to filing further claims against him. See Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013), cert. denied, 134 S. Ct. 1322 (2014) (Mem.) ("A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously amended.") (quotation omitted); Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) ("[A] district court does not abuse its discretion in denying a motion to amend a complaint when the movant presented no new facts but only new theories and provided no satisfactory explanation for his failure to fully develop his contentions") (quotations and internal alterations omitted). Farrow's motion to dismiss with prejudice is therefore GRANTED.

### B. Plaintiff's Claims Against O'Malley and Kobal

Defendants District Attorney O'Malley and Deputy District Attorney Kobal first argue that they are both immune from suit because they both are prosecuting attorneys. ECF No. 28-1 at 4-6; see also ECF No. 21 (FAC) at 5 (identifying these defendants by their official titles). "Prosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is "intimately associated" with the judicial phase of the criminal process." Botello v. Gammick, 413 F.3d 971, 975 (9th Cir. 2005) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). "However, when prosecutors perform administrative or investigative functions, only qualified immunity is available." Id. at 975-76. Here, the complaint provides insufficient information from which to determine whether O'Malley or Kobal is entitled to either absolute or qualified immunity, and so

---

[1] Plaintiff does appear to assert that Farrow's Eleventh Amendment immunity has been waived by 15 U.S.C. § 1122 and 42 U.S.C. § 12202. ECF No. 21 at 12. These statutory sections are inapposite to this case, however, because the first relates to trademarks and the second relates to employment discrimination based on disability, neither of which is relevant here.

the motion to dismiss on this basis will be denied.

Plaintiff's § 1983 conspiracy claim has a more fundamental infirmity, however: it is not adequately pleaded. In order to establish a civil conspiracy claim, Plaintiff must plead facts that, if proven, would establish: (1) an express or implied agreement among defendants to deprive plaintiff of her constitutional rights; and (2) an actual deprivation of those rights pursuant to that agreement. Ting v. United States, 927 F.2d 2504, 1512 (9th Cir. 1991). Plaintiff has not alleged the existence of any agreement, let alone an agreement among the defendants to deprive her of her constitutional rights. She also does not specify what "overt acts" these defendants have committed, how they have conspired to commit those acts, or how those acts violated her constitutional rights. Plaintiff has provided no factual support for her claims, and has only provided inadequate conclusory statements, which are insufficient to survive this motion to dismiss. See Iqbal, 556 U.S. at 678.

Accordingly, the Court will GRANT O'Malley and Kobal's motion to dismiss. Because this is the first time Plaintiff's claim against these defendants has been tested, Plaintiff will be granted leave to amend. Lopez, 203 F.3d at 1128.

## V.    CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Farrow's motion to dismiss is hereby GRANTED with regard to Plaintiff's claims against him, which are hereby DISMISSED WITH PREJUDICE.

2. O'Malley and Kobal's motion to dismiss is hereby GRANTED with regard to Plaintiff's claims against them, which are hereby DISMISSED WITHOUT PREJUDICE.

At this stage in the proceedings, Plaintiff may not amend her complaint without the Court's leave or Defendants' written permission. Fed. R. Civ. P. 15(a)(2). But if Plaintiff amends her complaint, she must include specific facts supporting each of her claims against each listed defendant. Plaintiff's claims against Farrow are now barred and should not be included in her amended complaint.

The additional, required facts in Plaintiff's amended complaint may take the form of a personal accounting of the details of Plaintiff's experiences with each defendant. Simply reciting

5

1  statutory language or bare legal concepts without particular factual backing specific to Plaintiff's
2  situation is not sufficient to sustain a claim under the federal pleading standards.

3  Plaintiff is once again encouraged to seek the assistance of the Legal Help Center. The
4  Legal Help Center is located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco,
5  California. Assistance is provided by appointment only. A litigant may schedule an appointment
6  by signing up in the appointment book located on the table outside the door of the Center or by
7  calling the Legal Help Center appointment line at 415–782–8982. Plaintiff may also wish to
8  consult the Northern District of California manual, Representing Yourself in Federal Court: A
9  Handbook for Pro Se Litigants, a copy of which may be downloaded at
10 http://www.cand.uscourts.gov/prosehandbook, or obtained free of charge from the Clerk's office.

11 **IT IS SO ORDERED.**

12 Dated: November 21, 2014

_____
JON S. TIGAR
United States District Judge