UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELESTE HOLLAND,<br><br>   Plaintiff,<br><br>   v.<br><br>JOSEPH A. FARROW, et al.,<br><br>   Defendants. | Case No. 14-cv-01349-JST<br><br>**ORDER DISMISSING WITH PREJUDICE CLAIMS AGAINST DEFENDANTS CALIFORNIA DMV, O'MALLEY, AND KOBAL WITH PREJUDICE**<br><br>Re: ECF Nos. 31, 35, 39, 43 |

On November 21, 2014, the Court issued an order granting Defendants Nancy O'Malley and Catherine Kobal's motion to dismiss without prejudice, and ordered Plaintiff to file an amended complaint as to those defendants by January 9, 2015. ECF Nos. 31, 35. Similarly, the Court granted Defendant California Department of Motor Vehicle's ("DMV") motion to dismiss without prejudice on February 9, 2015, and granted Plaintiff leave to amend her complaint as to Defendant DMV by March 16, 2015. ECF Nos. 39, 43.

Because Plaintiff has not filed an amended complaint as to Defendant DMV or as to Defendants O'Malley and Kobal, these defendants ask the Court to dismiss Plaintiff's claims against them with prejudice. ECF No. 44, ¶ 5.

**I.      LEGAL STANDARD**

In the Ninth Circuit, "when a plaintiff fails to amend a complaint after the district court judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order . . . ." Yourish v. Cal. Amplifier, 191 F.3d 983, 986 (9th Cir. 1999). To determine whether to dismiss a claim for failure to comply with a court order, a court weighs the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy

1  favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.
2  2002). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least
3  three factors strongly support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th
4  Cir. 1998) (citation and internal quotations omitted).

## II.   DISCUSSION

Four of the five Pagtalunan factors strongly support the dismissal of this action.

The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to "the efficient administration of judicial business for the benefit of all litigants with cases pending." Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1279 (9th Cir. 1980). By failing to comply with court orders to amend her complaint, Plaintiff has stalled this action as it relates to Defendants O'Malley, Kobal, and the DMV, thereby depriving the Court of the ability to control the pace of its docket. Plaintiff is effectively clogging the Court's docket with unpursued claims, diverting time and attention from other litigants who wish to pursue their actions. These factors weigh strongly in favor of dismissal.

As to the third factor—the risk of prejudice to defendant—"a presumption of prejudice arises from the plaintiffs' failure to prosecute." Hernandez, 138 F.3d at 400. A plaintiff may rebut this presumption only "with an excuse for his delay that is anything but frivolous." Nealey, 662 F.2d at 1281. Plaintiff has provided no excuse for her failure to amend her complaint, after the Court twice granted her leave to amend. Further, Defendants O'Malley, Kobal, and the DMV have suffered actual prejudice by being forced to continue to litigate this action, despite there being no claims alleged against them. Thus, this factor weighs strongly in favor of dismissal.

The fourth factor is the availability of less drastic sanctions. The Court gave Plaintiff two opportunities to file an amended complaint to assert claims against these defendants. Plaintiff also had the opportunity to respond to Defendants' motions to dismiss, but she failed to do so.

The Court also has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). Rather than dismissing Plaintiff's claims against these defendants with prejudice, the Court attempted the lesser sanction of dismissing

1   Plaintiff's claims without prejudice, and granting Plaintiff leave to amend her complaint—once as
2   to the DMV, and once as to Defendants O'Malley and Kobal.  See Yourish, 191 F.3d at 992.
3         This evidence is sufficient to establish that the Court has considered sanctions short of
4   dismissal.  See In re Phenyl propanolami ne (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1229 (9th
5   Cir. 2006) ("warning that failure to obey a court order will result in dismissal can itself meet the
6   'consideration of alternatives' requirement.") (citation omitted); see also Nevijel v. N. Coast Life
7   Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) ("Though there are a wide variety of sanctions short of
8   dismissal available, the district court need not exhaust them all before finally dismissing a case").
9   This factor strongly favors dismissal.
10        The fifth factor concerns the public policy favoring disposition of cases on their merits,
11  which normally "strongly counsels against dismissal."  PPA Prods. Liab. Litig., 460 F.3d at 1228.
12  Nonetheless, the Ninth Circuit has recognized that "a case that is stalled or unreasonably delayed
13  by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the
14  merits." Id. at 1228.  Consequently, "this factor lends little support to a party whose responsibility
15  it is to move a case toward disposition on the merits but whose conduct impedes progress in that
16  direction." Id. (citations and internal quotations omitted).  Plaintiff's failure to comply with the
17  Court's orders to amend her complaint has impeded progress in this case, and Plaintiff's claims as
18  to the remaining defendants will proceed despite dismissal of the claims against Defendants
19  O'Malley, Kobal, and the DMV.  Thus, this factor is neutral at best.
20        Because granting further leave to amend would be futile, and because of the undue delay in
21  this case, dismissal is with prejudice.  See Yourish, 191 F.3d at 998 (affirming dismissal with
22  prejudice for failure to timely amend complaint).  Bearing in mind its obligation of sensitivity to
23  *pro se* litigants, the Court has more than adequately "provide[d] the litigant with notice of the
24  deficiencies" in her prosecution of this action, and provided several opportunities for compliance.
25  Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

## CONCLUSION

27        Notwithstanding the public policy favoring the disposition of actions on their merits, the
28  Court's need to manage its docket and the public interest in the expeditious resolution of the

litigation require dismissal of Plaintiff's claims against the DMV, O'Malley, and Kobal.  In view of Plaintiff's failure to amend her complaint, the Court finds no adequate less drastic sanction is available.

Accordingly, the Court hereby dismisses Plaintiff's claims against Defendants DMV, O'Malley, and Kobal with prejudice.

IT IS SO ORDERED.

Dated: April 6, 2015

_____
JON S. TIGAR
United States District Judge