UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELESTE HOLLAND,<br>   Plaintiff,<br>   v.<br>JOSEPH A. FARROW, et al.,<br>   Defendants. | Case No. 14-cv-01349-JST<br><br>**ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT** |

In preparation for today's Case Management Conference, the Court read the First Amended Complaint ("FAC"), ECF No. 21, thoroughly. The Court undertook this exercise to determine who the defendants were, so it could figure out whether all of them had been served and discharge its responsibilities under Federal Rule of Civil Procedure 4(m).[1] After having reviewed the FAC, however, the Court cannot discern who the Plaintiff is suing, or, for that matter, what her claims are.

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, Rule 8(d)(1) requires that each allegation be "simple, concise, and direct." The plaintiff must also allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. U.S. Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d

---

[1] "Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

795, 798 (9th Cir. 1991). If a plaintiff fails to clearly and concisely set forth allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the complaint fails to comply with Rule 8. See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177–79 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8(a) constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. See McHenry, 84 F.3d at 1179; Nevijel, 651 F.2d at 673. Nonetheless, when a plaintiff is self-represented, the court must construe the pleadings liberally and "must afford plaintiff the benefit of any doubt." Karim-Panahi v. L. A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

Here, applying the foregoing standards, and after a thorough review of the FAC, the Court is unable to discern who is being sued, what Plaintiff's theory of relief is, and what claims Plaintiff intends to allege. For example, the only entity or person she clearly labels as a defendant is the State of California, ECF No. 21 at 3. But later in the FAC she states that "The . . . State of California *can not* [sic] be substituted as a party defendant and the consent of . . . the State of California to be sued is *not* demanded." Id. at 10 (emphasis added).

It is just as difficult to determine what claims Plaintiff is making as it is to tell who she's suing. The FAC contains numerous statements that cannot be construed as claims for relief in this court. For example, Plaintiff makes statements such as "Federal Reserve notes not backed by silver and gold," id. at 6; "Driver [sic] License is Title of Nobility," id.; and "President, Vice President and all civil officers of the United States, shall be removed from office on impeachment for, and conviction of, treason, bribery, or other high crimes and misdemeanors," id. at 11. These statements do not support any cause of action against any person or entity named in the FAC.

With regard to Plaintiff's legal theories, the FAC contains the statement that "The Bill of Rights includes, Counsel of choice in the 6th amendment," id. at 7, but Plaintiff does not indicate how any of the defendants – whoever they might be – have denied her the right to counsel of her choice, or why the denial of that right gives rise to a claim in federal court. Plaintiff also refers to the 13th Amendment's prohibition on slavery, id., but does not explain the relevance of that

2

amendment to her case. She also refers to the Sherman Act, 15 U.S.C. §§ 1-7, which prohibits certain anti-competitive business practices. Id. at 7-8. The Court is unable to see how the Sherman Act could be relevant to this case, which concerns a traffic stop by officers of the California Highway Patrol. She invokes 18 U.S.C. § 1910, which makes it a crime for a judge of any United States court to appoint a receiver or trustee who is related to the judge by a defined degree of consanguinity. The relevance of this statute also eludes the Court.

This case cannot proceed unless the Court knows who the defendants are. Those defendants cannot proceed unless they know the claims for which they're being sued. The Court understands that Plaintiff represents herself and has no legal training, and therefore grants her leave to file a Second Amended Complaint. The Second Amended Complaint must, at a minimum, clearly identify the parties in the case by name, designating them as defendants in the action; plead all the required elements of each cause of action she alleges, and identify which defendants are named in each; include enough factual content to allow the Court to draw the reasonable inference that the named defendants are liable on each claim; and omit extraneous material that is not relevant to her claims. As the Court previously observed, "Simply reciting statutory language or bare legal concepts without particular factual backing specific to Plaintiff's situation is not sufficient to sustain a claim under the federal pleading standards." ECF No. 31 at 5-6.

Plaintiff may file a Second Amended Complaint by May 8, 2015, which if filed will supersede the FAC. If she does not do so, the Court will determine that the only named defendants in the action who have not been dismissed are Defendants Azavedo, Estes, and Pacheco, because those defendants have answered the FAC. In that event, the case will proceed against those defendants only based on the claims in the FAC.

Plaintiff is once again encouraged to seek the assistance of the Legal Help Center. The Legal Help Center is located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California. Assistance is provided by appointment only. A litigant may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center appointment line at 415–782–8982. Plaintiff may also wish to

consult the Northern District of California manual, Representing Yourself in Federal Court: A Handbook for Pro Se Litigants, a copy of which may be downloaded at http://www.cand.uscourts.gov/prosehandbook, or obtained free of charge from the Clerk's office.

IT IS SO ORDERED.

Dated: April 8, 2015

JON S. TIGAR
United States District Judge