UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELESTE HOLLAND,<br><br>      Plaintiff,<br><br>   v.<br><br>JOSEPH A. FARROW, et al.,<br><br>      Defendants. | Case No.  14-cv-01349-JST<br><br>**ORDER STRIKING DEFENDANTS FROM ACTION**<br><br>Re: ECF No. 48 |

Plaintiff filed this action against a number of defendants. See ECF Nos. 1, 21. As explained more fully in the Court's Order Granting Leave to File Amended Complaint, however, Plaintiff's First Amended Complaint fails to identify which claims she alleges against which defendants. See ECF No. 48. Moreover, Plaintiff has failed to serve a number of the defendants that she initially named in the action. See id. Plaintiff has not shown good cause for her failure to serve these defendants. See Fed. R. Civ. P. 4(m) ("Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

In light of the foregoing, and the Court's duty under Rule 4(m) to ensure that each defendant named in a case is timely served and to dismiss the action against any defendants not so served, the Court issued its Order Granting Plaintiff Leave to File an Amended Complaint. See id. In that Order, the Court instructed Plaintiff that, if she wished to proceed with the action, she was required to file an amended complaint by May 8, 2015. Id. at 3. Any amended complaint would also have to "clearly identify the parties in the case by name, designating them as defendants in the action; plead all the required elements of each cause of action . . . and identify which defendants

are named in each; [and] include enough factual content to allow the Court to draw the reasonable inference that the named defendants are liable on each claim . . . ." Id. The Court further informed Plaintiff that if she failed to file an amended complaint that cured the deficiencies the Court identified, the Court would have to discharge its Rule 4(m) duty and dismiss the case as to the defendants that Plaintiff has not served and against whom no discernible claims were alleged. Id. In such a case, the action would proceed based on the allegations in the First Amended Complaint. Id. Finally, the Court once again directed Plaintiff to seek the assistance of the free Legal Help Center offered by the Court. Id. at 3-4.

Plaintiff did not file an amended complaint by the May 8, 2015 deadline.

Accordingly, the Court finds that it must dismiss the claims against all defendants in this action who have not been served and appeared. See Fed. R. Civ. P. 4(m). Plaintiff's claims against Defendants Edmund G. Brown, Jr., Anne Gust Brown, Anna M. Caballero, John Chang, Michael A. Ramos, Julie Nauman, Ted DeJung, Carson Johnson, Dennis Hayashi, Cecilia Castellanos, and Frank Roesch are hereby dismissed without prejudice. Defendants Azavedo, Estes, and Pacheco remain in this action. This case shall proceed according to the allegations in Plaintiff's First Amended Complaint.

IT IS SO ORDERED.

Dated: May 21, 2015

_____
JON S. TIGAR
United States District Judge